UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GUSTAVO CUY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0194 AS |
| | ) | |
| ED BUSS, Superintendent, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 4, 2005, now slightly more than a year ago, petitioner, Gustavo Cuy,

filed a petition seeking relief under 28 U.S.C. §2254.  The court is extremely grateful for the

outstanding professional services performed here by Michael L. Parkinson under

appointment of the court.  The state court record has been filed and examined pursuant to the

mandates of *Townsend v. Sain*, 372 U.S. 293 (1963).  A hearing was held in Lafayette,

Indiana on April 17, 2006 with both Mr. Parkinson and Deputy Attorney General Kobe

present.  Both were extremely helpful in creating better understanding of the issues in this

case.

Even in the absence of Mr. Parkinson, it would appear that the response filed by the

Attorney General of Indiana on July 1, 2005 complied with *Lewis v. Faulkner*, 689 F.2d 100

(7th Cir. 1982).  The basic triggering event here was a sentence imposed in Marion County,

Indiana in a state court in 2000 sentencing this petitioner to 30 years on a conviction for child

molesting.  To cut to the chase, the published opinion of the Court of Appeals of Indiana in

*Cuy v. State*, 755 N.E. 2d 248 (Ind. App. 2000) is very useful.  Both the conviction and sentencing were there upheld.  The record shows that the Marion County Public Defender representing this petitioner sought transfer to the Supreme Court of Indiana on or about January 8, 2002.  Previously, that same office representing this petitioner had sought a rehearing in the Court of Appeals of Indiana on October 24, 2004.  After these procedural events took place in 2001, and after transfer has been denied by the Supreme Court of Indiana, the petitioner returned to the state trial court in February 2003 seeking post-conviction relief there and a little more than two years later, the state trial court dismissed the aforesaid motion for post-conviction relief on April 4, 2005.

During the proceedings in Lafayette, Indiana on April 17, and issue was discussed with regard to whether the procedural requirements of *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) are present.  While the issue may be close, this court is not here prepared to bottom a decision on the failure to comply with the demands of *O'Sullivan*.  Additionally, the Attorney General of Indiana raises an issue with regard to the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).  Although the Attorney General cites April 23, 1996 as the effective date of that statute, which is technically correct, although the fact of the matter is that there was a judicially created period of grace which really fixes the significant date as April 24, 1997. *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002).  In any event, this court is not prepared to bottom a decision here on the statute of limitations but prefers to confront the merits of the case.

Of considerable moment in this case is the presence and relevance of a nine year-old female designated generally as T. M. Certainly one should commence this investigation with the opinion of Judge Robb of the Court of Appeals of Indiana in 755 N.E. 2d 248. The primary focus of Judge Robb's treatment of the issue is primarily a state law issue as to whether under Indiana Evidence Rule 804 this witness has "unavailability as a witness." Under that statute, that particular panel of the Court of Appeals of Indiana answers the question "yes." In a concurring opinion in that case by Judge Baker of the Court of Appeals, the Sixth Amendment of the Constitution of the United States is confronted. Judge Baker emphasizes that there was a deposition before trial taken of this child witness. He further emphasizes that the aforesaid deposition was taken at the instance of counsel defending this petitioner in this state court criminal proceeding. Judge Baker appears to agree with Judge Robb with regard to the statutory interpretation, but also finds that the procedures followed by the Honorable Jane Barker in the Marion Superior Court Criminal Division also complied with the demands of the Sixth Amendment of the Constitution of the United States. That issue is certainly raised here given the fact that there must be violations of the Constitution of the United States, its treaties or statutes to give this court jurisdiction under 28 U.S.C. §2254. Certainly Judge Baker's emphasis on the attorney representing this petitioner and defending him in a criminal proceeding and taking a deposition of this minor witness before trial plus all of the other attendant circumstances brings the matter within the ambit of the Sixth Amendment of the Constitution of the United States. Certainly it has been

3

demonstrated recently that there are circumstances in which the Court of Appeals in this circuit has not applied the Sixth Amendment. *United States v. Robinson*, 435 F.3d 699 (97th Cir. 2006). Given the totality of the circumstances here, this court cannot conclude that *Maryland v. Craig*, 497 U.S. 836 (1990)compels the grant of relief here under §2254. Neither can the more recent decision that decided after the trial court and the Court of Appeals for Indiana acted in this case in *Crawford v. Washington*, 541 U.S. 35 (2004) provide a basis for granting relief here under Title 28 U.S.C. §2254. Even if *Crawford* was to be applied retroactively, which is most doubtful, under the totality of the circumstances here it does not compel the relief sought by Mr. Cuy through his able counsel here. Given what is intended as a rather straightforward Sixth Amendment analysis of the circumstances here, this court does not feel the need to bottom any decision here on procedural default.

With regard to the allegations suggesting some species of prosecutorial misconduct in regard to the final argument, this court has chosen to look closely at what proceedings were actually had with regard to the child who is referred to as Tasha. At page 132 of the state court transcript beginning at line five, the following is stated in final argument by the state prosecutor:

> It all comes down to whether you believe that statement she gave. And as further credibility, I ask you to consider her behavior in the court room. And the fact that she was clearly able to talk about this in that deposition. It was hard for her to do, and at times she needed a break. But, the fact that when she has to see him, she can't even sit down in a chair and obey the Court's order. That has to say something about her legitimate –

4

MS. RADER: Objection.  May we approach the bench?

THE COURT: Yes.

WHEREUPON,  ATTORNEYS  APPROACH  THE  BENCH  TO CONFER OUTSIDE THE HEARING OF THE JURY AS FOLLOWS, TO WIT:

THE COURT: That's exactly right.  And I don't want —

MR. KOROBOV: I'm sorry.  I thought that she —

MS. RADER: And that's misstating, and telling the jury what they didn't see.

MS. KOROBOV: I'm sorry.  I thought that they did see her come in.

THE COURT: They saw her come in.  They didn't hear me tell her anything.  I sent them out immediately.  And further, I don't want any further comment about, an inference about her testimony when he's not there.

MR. KOROBOV: Okay.

THE COURT: I don't want any of that.  All right.

WHEREUPON, BENCH CONFERENCE ENDS AND PROCEEDINGS RESUME.

THE COURT: I'll sustain the objection.  The jury is instructed to disregard that last remark of counsel.  I would remind you that the evidence you heard all came from this witness stand.

MS. KOROBOV: And I just remind you that in that deposition, she was able to clearly state what had happened to her, and that's what it comes down to.  Do you believe the words that you read in that deposition, regardless of what you heard from the witness stand?  It's all testimony. It all has the same wright.  And it all has the same admissibility. It was determined admissible here today for you to be able to read.  And I ask that based on that deposition, and based on the testimony that you heard even from her mother, that he did have the opportunity to commit this

5

crime.  He was in the home.  He was able to have access to Tasha, and he was living there.  And the fact that way that he also referred to her as "my girlfriend," again further corroborates what Tasha said.

And I ask that based on the evidence that you heard and that you read that you would convict the defendant of child molesting.

The state trial judge is to be complimented in handling this delicate and sensitive matter correctly, and in doing so, she did not violate the Sixth Amendment of the Constitution of the United States.

Certainly, the Court of Appeals of Indiana bottomed its decision on a waiver of prosecutorial misconduct, but this court chooses rather to meet the issue under the Sixth Amendment head on and decide it. No disrespect intended to anyone.  Once again, this court is grateful for the outstanding and highly professional services of appointed counsel, Michael Parkinson.

It is correct that the Supreme Court of Indiana denied transfer by a vote of three to two.  In that regard, there is a statement that reflects the position of the majority justices while there is no statement of reasons by the two justices.  So what we have is a bare vote with the majority reason stated on the record.  In the end, there is no basis for relief under 28 U.S.C. §2254.  The petition is **DISMISSED**.  **IT IS SO ORDERED**.

**DATED:**  April 25, 2006

                    **S/ ALLEN SHARP**
               **ALLEN SHARP, JUDGE**
               **UNITED STATES DISTRICT COURT**