UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GUSTAVO CUY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:05-CV-194 AS |
| | ) |
| ED BUSS, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

On May 25, 2006, Mr. Cuy filed a Notice of Appeal which the court construes as a Motion for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). Congress established this requirement in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot v. Estelle*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

Mr. Cuy's petition raised three claims. The first and second claims, that the state failed to

produce sufficient evidence to sustain his conviction, and that the admission of the victim's deposition at trial violated his right to confrontation, were denied because the state supreme court correctly and reasonably determined that there was sufficient evidence and that the deposition was properly admitted. His third claim, prosecutorial misconduct based on closing argument, was denied because this court determined that the brief comment had no probable persuasive effect on the jury.

None of the issues presented to the court make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a Certificate of Appealability pursuant to Rule 22(b), Federal Rules of Appellate Procedure, is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

**IT IS SO ORDERED.**

**DATED: June 15, 2006**

                                                    **S/ ALLEN SHARP**
                                                    **ALLEN SHARP, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**